**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1294

FENG YAN CHEN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 5, 2013          Decided:  August 14, 2013

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Feng Yan Chen, Petitioner Pro Se. Stuart F. Delery, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Jem C. Sponzo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Feng Yan Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

We first note that the agency denied Chen's request for asylum on the ground that she failed to establish by clear and convincing evidence that she filed her asylum application within one year of her arrival in the United States, and failed to establish either changed or extraordinary circumstances to excuse the late filing of her application. 8 U.S.C. § 1158(a)(2)(B) (2006); 8 C.F.R. § 1208.4(a)(2) (2013). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that Chen has failed to raise a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of her asylum claims. Accordingly, we dismiss this portion of the petition for review.

Chen also contends that the agency erred in denying her request for withholding of removal. "Withholding of removal

2

is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). An alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)), cert. denied, 133 S. Ct. 788 (2012). Based on our review of the record, we conclude that substantial evidence supports the finding that Chen failed to establish that she faces a clear probability of persecution in China based upon her religion.[*]

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

---

[*] Chen has failed to raise any challenges to the denial of her request for protection under the Convention Against Torture. She has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).